| | |
|---|---|
| DISTRICT COURT,<br>CITY AND COUNTY OF DENVER,<br>STATE OF COLORADO<br>Court Address:<br>1437 Bannock St.<br>Denver, CO 80202 | |
| Plaintiff:  **JOSHUA DOSTER, and**<br>  **CHRISTINA DOSTER,**<br><br>v.<br><br>Defendants: **GEICO CASUALTY COMPANY.** | △COURT USE ONLY△ |
| **Attorney for Plaintiff:**<br>Todd F. Bovo, #38691<br>Paula G. Bovo, #38624<br>BOVO LAW, LLC<br>650 S. Cherry Street, #1400<br>Denver, CO 80246<br>Tele: (303) 333-4686<br>Fax: (303) 595-5334<br>Email: todd@bovolaw.com<br>      paula@bovolaw.com | Case Number:<br><br><br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

NOW COMES the Plaintiffs, by and through their attorney, BOVO LAW, LLC, alleging as follows:

## I.   JURISDICTION AND VENUE

1. At all times relevant, Plaintiffs Joseph and Christina Doster resided at 7542 Ames St, Arvada, Colorado 80003.

2. At all times relevant to this complaint, Defendant Geico Casualty Company ("Geico"), is a Maryland corporation with its principle place of business located at 5260 Western Avenue, Chevy Chase, Maryland 20815.

3. Geico has sufficient business contacts with the state of Colorado sufficient to bring them within the reach of Colorado's "long-arm" statute, C.R.S. § 13-1-124.

EXHIBIT C

4. Venue is proper under C.R.C.P. 98(c)(1) in that Geico is an out of state defendant that can be found in City and County of Denver and the subject matter of the dispute is contractual.

## II. GENERAL ALLEGATIONS

5. Plaintiffs incorporate herein by this reference, the allegations set forth with specificity in Paragraphs 1 through 4 of this Complaint, as if set forth verbatim.

6. On December 26, 2016, Plaintiffs Joshua and Christina Doster entered into a motor vehicle insurance contract with Defendant.

7. Plaintiffs are named insureds and/or authorized users of the two vehicles insured under the insurance contract with Defendant.

8. A 1996 Ford E150, Vehicle ID Number 1FDEE14H5THB17247, is an insured vehicle on Plaintiffs contract with Defendant.

9. Plaintiff Christina Doster was in a motor vehicle accident while driving the insured 1996 Ford E150 on April 4, 2017.

10. The 1996 Ford E150 sustained property damage in the motor vehicle accident on April 4, 2017.

11. The other vehicle involved in the motor vehicle accident on April 4, 2017 is owned by Kendra Fernandez.

12. Plaintiffs' vehicle was determined to be the at fault vehicle in the motor vehicle accident.

13. The value of the damages to Kendra Fernandez's vehicle is $10,013.17.

14. Kendra Fernandez's vehicle was insured by American Family Mutual Insurance Company.

15. Kendra Fernandez and American Family Mutual Insurance Company made a property damage claim against Plaintiffs' insurance contract with Defendant.

16. Defendant declined coverage for Ms. Fernandez's property damage claim under its contract with Plaintiffs.

EXHIBIT C

17. After Defendant declined coverage, American Family Mutual Insurance Company on behalf of Kendra Fernandez made a demand directly to Plaintiffs for the amount of the property damage loss of $10,013.17.

18. Defendant made a disclaimer alleging Plaintiff Christina Doster was an excluded driver on the insurance contract with Defendant.

19. Plaintiffs did not sign an exclusion of named driver endorsement for the insurance contract signed with Defendant on December 26, 2016.

### III. FIRST CLAIM FOR RELIEF
(Breach of Contract)

20. Plaintiffs incorporate herein by this reference, the allegations set forth with specificity in Paragraphs 1 through 19 of this Complaint, as if set forth verbatim.

21. Plaintiffs and Defendant entered into a valid car insurance contract for their 1996 Ford E150 on December 26, 2016.

22. Plaintiff purchased property damage liability coverage with a limit of $15,000.00 for the 1996 Ford E150 from the Defendant for $132.63 for six months of insurance.

23. Plaintiffs did supply the Defendant with the $132.63 in consideration.

24. When Kendra Fernandez's vehicle was damaged in a motor vehicle collision on April 4, 2017, Defendant breached its contract with Plaintiffs by refusing to give Kendra Fernandez the full amount of the money she was owed under the insurance contract.

25. The Defendant offered to only pay Kendra Fernandez $0.00, when the damage to her vehicle was $10,013.17.

26. The Defendant was advised of the discrepancy and failed to investigate and/or pay Kendra Fernandez the full value of the damage.

27. By providing valuable consideration and also by complying with all of their obligations under the contract, the Plaintiffs performed their side of the contract.

EXHIBIT C

28. Because the Defendant breached its obligations under the contract by refusing to perform its side of the bargain, Plaintiffs incurred both economic and non-economic damages in amounts to be determined at trial.

### IV. SECOND CLAIM FOR RELIEF
(C.R.S. § 10-3-1115 and C.R.S. § 10-3-1116)

29. Plaintiffs incorporate herein by this reference, the allegations set forth with specificity in Paragraphs 1 through 28 of this Complaint, as if set forth verbatim.

30. Defendant has an obligation to act with good faith at all times under its insurance contract with Plaintiffs.

31. Defendant breached that duty of good faith by refusing to pay the Plaintiffs, or on behalf of the Plaintiffs, what they were owed without a reasonable basis for doing so.

32. Offering to pay $0.00 for property damage that was $10,013.17 is not reasonable.

33. Defendant listed Plaintiff Christina Doster as an insured driver on the policy with no signed exclusion of named driver endorsement, yet declined her coverage as an excluded driver, which is not reasonable.

34. Defendant was unreasonable in failing to investigate Kendra Fernandez's property damage claim and Plaintiffs' claim against the exclusion of the named driver.

35. As a result of Defendant's unreasonableness and bad faith, Plaintiffs received both economic and non-economic damages in amounts to be determined at trial.

EXHIBIT C

## V. THIRD CLAIM FOR RELIEF
(Common Law Bad Faith)

36. Plaintiffs incorporate herein by this reference, the allegations set forth with specificity in Paragraphs 1 through 35 of this Complaint, as if set forth verbatim.

37. Defendant had an obligation to act with good faith at all times under its insurance contract with Plaintiffs.

38. Defendant breached that duty of good faith by refusing to pay the Plaintiffs, or on behalf of the Plaintiffs, what they were owed without a reasonable basis for doing so.

39. Defendant offered to pay $0.00 for property damage that others estimated at $10,013.17, which is not reasonable.

40. Defendant listed Plaintiff Christina Doster as an insured driver on the policy with no signed exclusion of named driver endorsement, yet declined coverage as an excluded driver, which is not reasonable.

41. Defendant was aware it was acting unreasonably in handling Plaintiffs' claim against the exclusion of the named driver and Kendra Fernandez's property damage claim.

42. Because of Defendant's unreasonableness, Plaintiffs suffered both economic and non-economic damages in amounts to be determined at trial.

**A JURY TRIAL IS HEREBY DEMANDED.**

Dated: May 13, 2016

Respectfully submitted,
Bovo Law, LLC

*/s/ Todd F. Bovo*

Todd F. Bovo, #38691
Attorney for Plaintiff

<u>Plaintiff's Address</u>
7542 Ames St.
Arvada, CO 80003

EXHIBIT C